IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY SANDERS; : | No. 3:15cv1421 |
| MICHAEL SANDERS, SR; : | |
| and CAROLYN SANDERS as : | (Judge Munley) |
| Executors of the Estate of : | |
| MICHAEL D. SANDERS, deceased, : | |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| COUNTY OF LACKAWANNA, : | |
| PHILLIP CHIAVACCI, PETER SANKO, : | |
| JOHN AND/OR JANE DOE(S), and : | |
| IVY GIORDANO, : | |
| Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant County of Lackawanna's motion to dismiss several counts of this lawsuit involving the death of Michael D. Sanders. The resolution of this motion involves an analysis of governmental immunity and the exceptions thereto. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**

On August 25, 2013, plaintiff's decedent, Michael D. Sanders (hereinafter "decedent") attended a concert as a business invitee on

Defendant Lackawanna County's premises, the Toyota Pavilion, located at 1000 Montage Mountain Road Moosic, Pa.  (Doc. 1, Compl. ¶ 16).  Defendant parked his vehicle, as directed by the County's agents, at the PNC Field, approximately two and a half (2.5) miles from the concert venue.  (Id. ¶ 18).  The County of Lackawanna Transit system ("COLTS") transported decedent from the parking area to the site of the concert.  (Id. ¶ 19).

    During the concert, decedent consumed alcoholic beverages.  (Id. ¶ 20).  Decedent fell coming out of a restroom during the concert and appeared visibly intoxicated.  (Id. ¶ 21).  The security team inside the concert venue, "Strike Force", approached decedent and escorted him to the exit of the Toyota Pavilion.  (Id.)  At 9:37 p.m., Strike Force, its agents, servants, workmen and/or assigns, demanded that decedent exit the concert venue.  (Id. ¶ 22).  Strike Force remanded decedent to the care, custody and control of Defendants Peter Sanko, Phillip Chiavacci, and/or John or Jane Does of the Lackawanna County Sheriff's Office.  (Id. ¶ 23).  These Sheriff's Office officials knew or should have known that plaintiff had consumed alcoholic beverages and was visibly intoxicated.  (Id. ¶ 24).  The officials, however, did not arrest decedent, but instead instructed him to

exit the Toyota Pavilion.  (Id. ¶ 25).

No COLT busses were present outside the Toyota Pavilion to transport decedent back to the parking lot.  (Id. ¶ 26).  Decedent waited for a period of time and with no busses arriving, he began to walk down Montage Mountain Road toward his car.  (Id. ¶ 27).[1]  While decedent walked along the road to the parking lot, a Jeep driven by Defendant Ivy Giordano struck and killed him.  (Id. at ¶¶ 34, 37-39).

Defendant Giordano and her boyfriend had also been at the concert, where her boyfriend got into an altercation with Defendants Chiavacci and Sanko.  (Id. ¶ 31).  Chiavacci and Sanko arrested Giordano's boyfriend and directed her to proceed to Central Booking, seven and a half (7 ½) miles away, to retrieve her boyfriend.  (Id. ¶ 33).  According to the complaint, the Sheriff's officials directed her to do so although she was visibly intoxicated.  (Id.)  Giordano's vehicle was parked in the parking lot immediately outside the Toyota Pavilion.  (Id. ¶ 34).  She began to drive down Montage Mountain Road away from the concert venue when she struck the decedent.  (Id. ¶ 36).

---

[1] The road is three (3) lanes with no designated sidewalks, walkways, safety rails, reflectors, lights or signs warning drivers of pedestrian traffic. (Doc. 1, Compl.  ¶ 28).

3

Based upon these factual allegations, plaintiffs instituted the instant seven-count lawsuit.  The complaint raises the following causes of action: Count I - State-Created Danger, Substantive Due Process under 42 U.S.C. § 1983 against Chiavacci, Sanko, and Doe; Count II - Violation of decedent's substantive due process rights under 42 U.S.C. § 1983 against Lackawanna County; Count III - Wrongful Death, against all defendants; Count IV - Survival Action against all defendants; Count V - Negligence against Lackawanna County; Count VI - Negligence against Giordano; and Count VII - Punitive Damages against all defendants.

Defendant Lackawanna County has moved to dismiss the negligence claim and punitive damages claim based upon Rule 12(b)(6) of the Federal Rules of Civil Procedures.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

**Discussion**

Defendant Lackawanna County's (hereinafter "defendant") motion to

dismiss raises the following two issues: 1) Is the county immune from suit from plaintiff's negligence claims? and 2) Should plaintiff's punitive damages claim against the county be dismissed? We will discuss these issues *in seriatim*.

**1. Governmental Immunity**

As set forth above, Counts V and VII of the complaint allege claims of negligence and punitive damages respectively. Both of these claims are founded on state law, thus the parties agree that we apply the substantive law of Pennsylvania to them. Count V alleges that Defendant Lackawanna County's acted negligently in "failing to have designated walkways, sidewalks, safety rails, reflectors, lights and signs warning drivers of pedestrian traffic." (Doc. 1, Compl. ¶ 86).

The statutory doctrine of "governmental immunity" generally shields local agencies, such as Defendant Lackawanna County, from tort claims.[2] Specifically, the governmental immunity statute reads: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by

---

[2]Under Pennsylvania law, Defendant Lackawanna County is deemed a "local agency." Simko v. Cty. of Allegheny, 869 A.2d 571, 573 (Pa. Commw. Ct. 2005).

any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. The subchapter proceeds to outline eight (8) exceptions to governmental immunity including: 1) vehicle liability; 2) care, custody or control of personal property; 3) real property; 4)trees, traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks and 8) care, custody or control of animals.

For a local agency to be held liable for negligence, the following three conditions must be met:

> First, the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. § 8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa. C.S. § 8542(b).

Simko, 869 A.2d at 574 (footnote and internal citation omitted).

Here, the defendant argues that the only possibly relevant exception is the "real estate" exception. Caselaw in Pennsylvania establishes that the real estate exception does not apply to this case because plaintiffs allege that the harm was caused by a lack of a guardrail and as a matter of law, the lack of a guardrail does not fall under the real estate exception.

7

See Dean v. Comm. of Pa., 751 A.2d 1130 (Pa. 2000) and Lockwood v. City of Pittsburgh, 751 A.2d 1136 (Pa. 2000).

Plaintiffs claims, however, do not rely on a theory that a guardrail should have been present. The complaint alleges that inadequate traffic control devices and lighting led to the accident. Plaintiffs argue that four exceptions to governmental immunity apply to the instant case. These exceptions are: real property exception, 42 PA. CONS. STAT. ANN. § 8542(b)(3); trees, traffic controls and street lighting exception, 42 PA. CONS. STAT. ANN. § 8542(b)(4); streets exception, 42 PA. CONS. STAT. ANN. § 8542(b)(6), and the sidewalks exception, 42 PA. CONS. STAT. ANN. § 8542(b)(7). Moreover, plaintiffs claims do not rely on the theory that a guardrail should have been present.

After a careful review, we find that governmental immunity does not shield Defendant Lackawanna County from liability. We find that the streets exception is the relevant exception for the disposition of the defendant's motion and shall only discuss that one.[3]

---

[3] Plaintiffs generally argue about the failure of the County to have adequate traffic control devices and lighting. These matters are explicitly excepted from the real estate exception. See 42 PA. CONS. STAT. ANN. § 8542(b)(3)(i). It is unclear at this stage of the proceedings whether the "trees, traffic controls and street lighting" or "sidewalks" exception apply.

The "streets" exception to governmental immunity provides potential liability for:

> A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be chaged with notice under the circumstances of the dangerous conition at a sufficient time prior to the vent to have taken measures to protect against the dangerous condition.

42 PA. CONS. STAT. ANN. § 8542(b)(6).

The law provides that "Municipalities have a duty to make their streets reasonably safe for their intended purpose. Angell v. Dereno, - - A.3d - - ; 2016 WL 913139, at *8 (Pa. Commw. Ct. March 10, 2016). Further, "a municipality's responsibility to maintain its roadways free of dangerous conditions could include a duty to install appropriate traffic control device where to do so would alleviate a known dangerous condition." Id. (quoting Starr v. Veneziano, 747 A.2d 867, 872 (Pa. 2000)).

Thus, in this instant case, plaintiff must allege, and ultimately prove, that a dangerous condition on Montage Mountain Road presented a foreseeable risk of a car striking a pedestrian and that the county had actual or constructive notice of the danger.

Here, plaintiffs claim the county acted negligently by "failing to remove a dangerous condition and install lights, sidewalks, traffic signals and other safety measures to keep pedestrians leaving a concert safe." (Doc. 18, Pls.' Brief at 10; see also Doc. 1, Compl. ¶ 86 (averring that the County breached its duty of care when it allowed a dangerous condition to exist by failing to have designated walkways, sidewalks, safety rails, reflectors, lights and signs warning drivers of pedestrian traffic along Montage Mountain Road)). We find that this allegation of negligence is sufficient for the streets exception to governmental immunity to apply.

Defendant's main argument is that the County has no duty to install traffic control devices. The County argues that a duty only arises when it already has installed traffic control devices. When they have already installed them, they must maintain them in a non-negligent manner. We are not convinced based upon the recent Angell case, that this is an accurate statement of the law. As noted above: "Municipalities have a duty to make their streets reasonably safe for their intended purpose." Angell v. Dereno, - - A.3d - - ; 2016 WL 913139 at *8 (Pa. Commw. Ct. 2016); see also Starr v. Veneziano, 747 A.2d 867, 875 (Pa. 2000)(indicating that governmental entities have a duty to implement

"traffic controls to remedy dangerous conditions on roadways under their control."). This duty may include the duty to install traffic control devices. Id. [4]

While, plaintiffs will most likely need an expert witness to opine on the dangerous condition at the trial or dispositive motion stage, we find that they have made sufficient allegations to prevail on the motion to dismiss. Accordingly, the defendant's motion to dismiss plaintiffs' negligent claims will be denied.

**2. Punitive Damages**

The second issue raised by Defendant Lackawanna County's motion to dismiss is whether it can be held liable for punitive damages. Plaintiffs did not oppose this part of the motion in its brief, and the law provides that punitive damages are not available against a governmental agency. City of Phila. Office of Hous.and Cmty. Dev. v. Am. Fed. of State Cty. and Munic.

---

[4] Moreover, even if we were to accept defendant's position with regard to the County's duty,it is not clear at this early stage of the proceedings, what traffic control device or lighting, if any, were actually present on the road, and if it was installed or maintained negligently. For example, it appears from pictures contained in the complaint that the road at issue contained traffic control lines in the middle and on the sides of the road. Additionally, it appears that an area for pedestrians may be present on the shoulder of the road.

11

Emp., 876 A.2d 375 (Pa. 2005); Feingold v. SEPTA, 517 A.2d 1270 (Pa. 1986). Accordingly, the motion to dismiss the punitive damages claim as it pertains to Defendant Lackawanna County will be granted.

**Conclusion**

In conclusion, for the reasons set forth above, we find that governmental immunity does not shield Defendant Lackawanna County in this case. Additionally, we find Defendant Lackawanna County cannot be held liable for punitive damages. Accordingly, the motion to dismiss will be granted in part and denied in part. An appropriate order follows

**Date: May 4, 2016**              **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**