# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY SANDERS, MICHAEL SANDERS, SR. and CAROLYN SANDERS, as executors of the estate of Michael D. Sanders, deceased,<br>**Plaintiffs** | : : : : : : : | No. 3:15cv1421<br><br>(Judge Munley) |
| v. | : | |
| PHILIP CHIAVACCI, PETER SANKO, IVY GIORDANO and COUNTY OF LACKAWANNA , JANE and/or JOHN DOES,<br>**Defendants** | : : : : : | |

## MEMORANDUM

Before the court for disposition is Defendant County of Lackawanna's (hereinafter "defendant" or "county") motion for summary judgment in this lawsuit involving the death of Michael D. Sanders in a traffic accident along Montage Mountain Road in Moosic, Pennsylvania. The analysis of this motion involves a discussion of governmental immunity and the exceptions thereto. The motion has been fully briefed and is ripe for disposition.

## Background

Michael D. Sanders (hereinafter "plaintiffs' decedent") traveled to the Toyota Pavilion in Moosic Pennsylvania to attend a concert as a business invitee. (Def.'s Statement of Material Facts (hereinafter "SOF") at ¶ 1). Co-Defendant Ivy

Giordano also attended the concert. (Id. ¶ 2). Plaintiffs' decedent parked at the PNC Field and boarded a bus to the concert venue, which was evidently two and a half miles away. (Id. ¶ 4). Apparently, plaintiffs' decedent was ejected from the concert venue due to intoxication and proceeded to walk down Montage Mountain Road toward the PNC Field, where his vehicle was parked. (Id. ¶¶ 14-15). While he was walking down the road, Co-Defendant Giordano was driving down the road. Giordano's vehicle struck and killed Michael Sanders. (Id. ¶ 20).

Based upon these factual allegations, plaintiffs instituted the instant seven-count lawsuit. The complaint raises the following causes of action: Count I - State-Created Danger, Substantive Due Process under 42 U.S.C. § 1983 against Chiavacci, Sanko, and Doe; Count II - Violation of decedent's substantive due process rights under 42 U.S.C. § 1983 against Lackawanna County; Count III - Wrongful Death against all defendants; Count IV - Survival Action against all defendants; Count V - Negligence against Lackawanna County; Count VI - Negligence against Giordano; and Count VII - Punitive Damages against all defendants. Defendant Lackawanna County has moved for summary judgment on the negligence claim, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to 42 U.S.C. § 1983, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Standard of review**

This case is before the court on the county's motion for summary judgment. Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting Fed. R. Civ. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

3

requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

As set forth above, several of the counts of the complaint assert causes of action against Defendant County of Lackawanna. The county moves for summary judgment on Count V, which alleges negligence. This claim is founded on state law, and the parties agree that we apply the substantive law of Pennsylvania to this claim. Count V alleges that Defendant Lackawanna County acted negligently in "failing to have designated walkways, sidewalks, safety rails, reflectors, lights and signs warning drivers of pedestrian traffic." (Doc. 1, Compl. ¶ 86).

Local agencies such as Defendant County of Lackawanna are shielded from tort liability based on the statutory doctrine of governmental immunity.[1] Specifically, the governmental immunity statute reads: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541.

The subchapter outlines eight (8) exceptions to governmental immunity including: 1) vehicle liability; 2) care, custody or control of personal property; 3)

---

[1] Under Pennsylvania law, Defendant Lackawanna County is deemed a "local agency." Simko v. Cty. of Allegheny, 869 A.2d 571, 573 (Pa. Commw. Ct. 2005).

real property; 4) trees, traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks and 8) care, custody or control of animals.

Thus, one of these exceptions must apply for plaintiff to prevail against Defendant County of Lackawanna. Here the parties agree that the relevant exception is the streets exception.

The "streets" exception to governmental immunity provides potential liability for:

> A dangerous condition of streets owned by the local agency, except the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 PA. CONS. STAT. ANN. § 8542(b)(6).

The law provides that "[m]unicipalities have a duty to make their streets reasonably safe for their intended purpose." Angell v. Dereno, 134 A.3d 1173, 1183 (Pa. Commw. Ct. 2016). Further, "a municipality's responsibility to maintain its roadways free of dangerous conditions could include a duty to install appropriate traffic control device where to do so would alleviate a known dangerous condition." Id. (internal citation and quotation marks omitted).

Thus, in this case, plaintiffs must establish that a dangerous condition on Montage Mountain Road presented a foreseeable risk of a car striking a pedestrian and that the county had actual or constructive notice of the danger.

Plaintiffs' complaint alleges that the county acted negligently by allowing a dangerous condition to exist by failing to have designated walkways, sidewalks, safety rails, reflectors, lights and signs warning drivers of pedestrian traffic along Montage Mountain Road. (Doc. 1, Compl. ¶ 86). We previously denied a motion to dismiss filed by the county. In our memorandum, we noted that the "plaintiffs will most likely need an expert witness to opine on the dangerous condition at trial or dispositive motion stage[.]" (Doc. 23, Memo. of May 4, 2016 at 11). The Pennsylvania Supreme Court has held that "expert opinion expressed within a reasonable degree of engineering certainty is generally required" to establish a duty to implement traffic control devices. Starr v. Veneziano, 747 A.2d 867, 873 (Pa. 2000). Expert opinion is necessary because "the determination of appropriateness entails consideration of principles and methods of traffic engineering that are beyond the scope of a layman's training[.]" Id.

The county has presented as an exhibit to its motion, the plaintiffs' engineering expert's report.[1] The report is authored by Professional Engineer Russell J. Kolmus III, an engineering consultant. (Doc. 50-1). Kolmus renders several opinions including, *inter alia*:

> The location of the incident failed to provide for the safety of pedestrians walking along the roadway. The roadway could have simply been restriped to provide a wider area for pedestrians to walk and that would have provided a safer roadway. Under the conditions that the incident roadway had been restriped and a wider shoulder provided on the north side of this roadway, this incident would not have occurred in that Mr. Sanders would have been within the 15-foot shoulder/walkway area provided based on the police officer's estimated point of contact. . . . The roadway owner failed to ensure the safety of all traffic particularly pedestrian traffic along their roadway, Montage Mountain Road.

(Doc. 50-1 at 14-15).

Defendant's argument is that "[T]he streets exception does not apply when

---

[1] Here, plaintiffs did not submit any expert witness testimony in opposition to the defendant's motion. They merely state that at this stage of the case they need not present all the evidence and information that they have at their disposal. Plaintiffs have miscomprehended the summary judgment standard. The defendant has raised the issue of governmental immunity, and the plaintiff has the duty at this stage to present evidence, including expert witness testimony, to establish that one of the exceptions to governmental immunity is appropriate. Although the plaintiffs did not file any expert reports, the defendant did file a copy of the plaintiffs' expert's report. Because this report is drafted by plaintiffs' expert, we will examine it as if it had been submitted to the court by the plaintiffs.

the allegation is that someone's injuries were caused or worsened by the local agency's failure to protect them from those injuries. The cause of the accident is what is at issue and this accident was not caused by a lack of guardrails, or any other definicency [sic]. Instead, it was caused by an intoxicated pedestrian walking along the roadway traveled by an alleged impaired driver." (Doc. 51 Def.'s Br. at 6-7). But as set forth above, the plaintiffs' expert witness alleges that the accident was caused by the inadequate width of the shoulder on the road.

Defendant cites to several cases for the proposition that for the exception to immunity to apply, a sidewalk or traffic control device must have already been installed. See Crowell v. City of Phila., 613 A.2d 1178 (Pa. 1992) (involving a misplaced directional arrow); Angelo v. Luzerne Twp., 53 Pa. D&C 4th 93 (C.C.P. Fayette County, June 11, 2001) (involving the placement of a stop sign in a concrete/cement footer). We do not have to disagree with the defendant on this point to nonetheless rule in the plaintiffs' favor. The plaintiffs' expert discusses a traffic control device which was already installed. He states that the painted stripes marking off the shoulder were positioned such that the shoulder area was not sufficiently wide.

Accordingly, we find that plaintiffs' expert witness has provided sufficient evidence to create a genuine issue of material fact as to whether the county's negligence caused the accident. The county's motion for summary judgment will be denied. An appropriate order follows.

**Date: <u>August 20, 2018</u>**        **BY THE COURT:**

**<u>s/ James M. Munley</u>**
**JUDGE JAMES M. MUNLEY**
**United States District Court**